[Cite as *State v. Daniel*, 2022-Ohio-934.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110644 |
| v. | : | |
| DALVIN DANIEL, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 24, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-640871-B, CR-19-641146-A and CR-19-641149-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Margaret Graham, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Dalvin Daniel appeals his sentences arising from three different prosecutions.

{¶ 2} In Cuyahoga C.P. No. CR-19-640871-B, Daniel pleaded guilty to aggravated robbery with a one-year firearm specification, notice of prior conviction and a repeat violent offender specification, felonious assault and having weapons while under disability. Daniel was sentenced to three years minimum and four years, six months maximum on the felonious assault charge and three years on the remaining two charges with the sentences to be served concurrently. The term 0f one year on the firearm specification was ordered to be served prior to, and consecutive with the minimum term of three years and maximum term of four years, six months on Count 1. Mandatory postrelease control for five years was ordered on Count 1, three years of mandatory postrelease control on Count 3 and up to three years of discretionary postrelease control on Count 7.

{¶ 3} In Cuyahoga C.P. No. CR-19-641146-A, Daniel pleaded guilty to felonious assault, aggravated theft and menacing by stalking and was sentenced to a minimum of three years and a maximum of four years, six months incarceration on the felonious assault charge, one year incarceration on the charge of aggravated theft and 18 months for menacing by stalking. The trial court also imposed terms of five years mandatory postrelease control on Count 1 and up to three years discretionary postrelease control on Counts 3 and 6.

{¶ 4} In Cuyahoga C.P. No. CR-19-641149-A, Daniel pleaded guilty to felonious assault with a three-year firearm specification, improper discharging firearm at or into habitation or school, discharge of firearm on or near prohibited premises and having a firearm under a disability.  The court below sentenced the

defendant to a minimum term of three years and maximum term of four years, six months on the charge of felonious assault and three years for each of the other convictions in this case. Daniel was also sentenced to three years on the firearm specification. The firearm specification was to be served consecutive to the other sentences. Postrelease control was also ordered on these charges, both five years mandatory and up to three years discretionary.

{¶ 5} The sentences for the firearm specifications in the first and third cases were ordered to be served consecutive to the other counts with all other counts to run concurrently for an aggregate sentence of seven years. Additionally, Daniel's sentence is subject to Reagan Tokes. The act does not apply to the one-year firearm specifications on case CR-19-640871-B and three years on CR-19-641149-A. R.C. 2929.144(B)(4). Thus, we calculate the maximum sentence from the qualifying felony sentences. R.C. 2929.144(B)(3). Accordingly, Daniel's aggregate sentence is seven to eight-and-a-half years under Reagan Tokes.

{¶ 6} Daniel appeals his sentence on the aggravated robbery count, arguing that the indefinite sentence, imposed under the Reagan Tokes Law, is unconstitutional. He raises the following assignment of error for our review:

> Assignment of Error: The trial court violated Dalvin Daniel's Constitutional Rights by imposing a Reagan-Tokes Sentence, under S.B. 201.

{¶ 7} For the reasons set forth in this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, we overrule Daniel's assignment of error.

**{¶ 8}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR

N.B. Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).